O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| CHANEL, INC., | CV 09-9169 RSWL (Ex) |
| Plaintiff, | |
| v. | **ORDER GRANTING MOTION BY PLAINTIFF FOR ENTRY OF FINAL DEFAULT JUDGMENT** [29] |
| CHEN XUELIAN a/k/a HONGBO HE, ZHANG BO a/k/a LIAO YONG a/k/a LIQIANG, LIANG QIAO, GAO FENGHAI, and DOES 1-10, | |
| Defendants. | |

On August 3, 2010 Motion by Plaintiff for Entry of Final Default Judgment Against Defendants Zhang Bo and Gao Fenghai came on for regular calendar before this Court. The Court having reviewed all papers submitted pertaining to this Motion and having considered all arguments presented to the Court, **NOW FINDS AND RULES AS FOLLOWS:**

As a preliminary matter, the Court finds that it

1

has personal jurisdiction over Defendants, allegedly residents of the People's Republic of China. Plaintiff's allegations that Defendants direct business activities toward customers within this District through the fully interactive Internet websites operating under the Subject Domain Names are sufficient to establish personal jurisdiction.

As to the entry of default judgment, Plaintiff has met all procedural requirements for entry of default judgment pursuant to Local Rule 55.  Furthermore, based on a balancing of <u>Eitel v. McCool</u> factors, Plaintiff has met the substantive requirements.  782 F.2d 1470, 1471-72 (9th Cir. 1986).  Thus, Plaintiff has met all procedural and substantive requirements and Plaintiff's Motion for Default Judgment is **GRANTED**.

Regarding the relief requested:

Plaintiff requests the following: (1) statutory damages of $816,000, (2) costs of $700, (3) prejudgment interest, (4) permanent injunction, and (5) additional equitable relief.

The Court **GRANTS** Plaintiff's requests for statutory damages in the amount of $816,000 and costs in the amount of $700.  Pursuant to 15 U.S.C. § 1117(c), statutory damages are available to a plaintiff in cases involving the use of counterfeit goods.  The Section

sets forth a statutory damage range of $1,000.00 to $200,000.00 per counterfeit mark per type of goods. U.S.C. § 1117(c)(1).  If a court finds that a defendants counterfeiting actions were willful, it may impose damages above the maximum limit up to $2,000,000.00 per mark per type of goods.  U.S.C. § 1117(c)(2).  Here, the Court finds that $6,000 in statutory damages per trademark per type of good sold is reasonable given Defendants' willfulness and the goals of compensation and deterrence.  The Court also finds that Plaintiff has sufficiently documented that Defendants infringed seventeen trademarks on eight types of goods sold for a statutory damages total award of $816,000.

The Court **DENIES** Plaintiff's request for prejudgment interest.  Plaintiff cites no authority to establish that such interest is authorized under 15 U.S.C. § 1117(c).  Moreover, while the Court recognizes that prejudgment interest may be granted even where a statute is silent in order to fully compensate an aggrieved party, the Court finds that the statutory damages award is sufficient to compensate Plaintiff. The Court already factored in the need for complete compensation when calculating the statutory damage award.

Pursuant to 15 U.S.C. § 1116, the Court further **GRANTS** Plaintiff's request for a permanent injunction as proposed.  The Court finds that Plaintiff has shown

3

the four required elements for entering a permanent injunction under eBay Inc. v. MercExchange, LLC, 547 U.S. 388, 391 (2006): (1) irreparable injury; (2) inadequacy of legal remedies; (3) the balance of hardships favor an injunction; and (4) that the public interest would not be disserved by a permanent injunction.  Moreover, the proposed injunction is narrowly tailored to remedy the harms shown by Plaintiff and necessary to prevent Defendants from continuing to unlawfully infringe Plaintiff's trademarks.

Lastly, the Court **GRANTS** Plaintiff's request for additional equitable relief, including the transfer of the Subject Domain Names.  The Court finds such request is reasonable and necessary to effectuate the purposes of the permanent injunction.

**IT IS SO ORDERED.**

DATED: August 4, 2010

RONALD S.W. LEW
  
**HONORABLE RONALD S.W. LEW**
Senior, U.S. District Court Judge